BENJAMIN B. WAGNER
United States Attorney
DEANNA L. MARTINEZ
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　　v.<br>APPROXIMATELY $29,000.00 IN U.S. CURRENCY, and<br>2007 JEEP COMMANDER SUV,<br>VIN: 1J8HG48K37C601318,<br>LICENSE: 059760V,<br><br>　　　　Defendants.<br>_____ | ) 1:08-CV-00988-AWI-SMS<br>)<br>) **FINAL JUDGMENT OF FORFEITURE**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

　　　　1.　　This is a civil forfeiture action against defendants approximately $29,000.00 in U.S. Currency (hereafter "defendant currency") and 2007 Jeep Commander SUV, VIN: 1J8HG48K37C601318, License: 059760V (hereafter "defendant vehicle").

　　　　2.　　A Verified Complaint for Forfeiture *In Rem* was filed on July 11, 2008, seeking the forfeiture of the defendant currency and defendant vehicle, alleging that the defendant currency and

FINAL JUDGMENT OF FORFEITURE

defendant vehicle are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because the defendant currency and defendant vehicle constitute moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq.*, and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

3. On July 14, 2008, in accordance with the Complaint, a Warrant for Arrest of Articles *In Rem* for the defendant currency and defendant vehicle was issued and duly executed on the defendant currency on July 21, 2008, and on the defendant vehicle on July 25, 2008.

4. Notice of the action against the defendant currency and defendant vehicle appeared by publication on August 19, 26, September 2, and 9, 2008, in *The Modesto Bee*, a newspaper of general circulation in the county in which the defendant currency and defendant vehicle were seized (Stanislaus County). The Proof of Publication was filed with the Court on November 3, 2008.

5. In addition to the public notice of forfeiture, notice was served upon Joel Gallegos, Rosa Maria Mendoza, and Camacha Yazmin Guzman. Claimant Joel Gallegos filed a claim and answer in this action. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

6. The Clerk of the Court entered Clerk's Certificates of Entry of Default against Rosa Maria Mendoza and Camacha Yazmin Guzman on June 17, 2009. Pursuant to Local Rule 540, the United States and Claimant Joel Gallegos thus join in a request that as part of this Final Judgment of Forfeiture in this case the Court enter a default judgment against the interest, if any, of Rosa Maria Mendoza and Camacha Yazmin Guzman.

7. On or about March 13, 2008, a Federal Grand Jury in the Eastern District of California charged Joel Gallegos with violations of 21 U.S.C. §§ 963, 960(a) and (b)(1), 952, 846, and 841(a)(1) in *U.S. v. Joel Gallegos, et al.*, 1:08-CR-00068-AWI.  On February 20, 2009, Joel Gallegos pled guilty to a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2 and was sentenced on May 11, 2009.

8. Claimant Joel Gallegos represents and warrants that he is the sole owner of the defendant currency and defendant vehicle.

9. The United States' allegations are set forth in its Verified Complaint For Forfeiture *In Rem* filed July 11, 2008.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. Judgment is hereby entered against Joel Gallegos, Rosa Maria Mendoza, Camacha Yazmin Guzman, and all other potential claimants who have not filed claims in this action.

3. Upon entry of a Final Judgment of Forfeiture, $21,500.00 of the defendant approximately $29,000.00 in U.S. Currency, together with any interest that may have accrued on the entire $29,000.00, and the defendant 2007 Jeep Commander SUV, VIN: 1J8HG48K37C601318, License: 059760V shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

4. Upon entry of a Final Judgment of Forfeiture herein, but no later than 45 days thereafter, $7,500.00 of the defendant approximately $29,000.00 in U.S. Currency shall be returned

to Claimant Joel Gallegos through his attorney Melody M. Walcott, Office of the Federal Defender, 2300 Tulare Street, Suite 330, Fresno, California 93721, telephone (559) 487-5561.

5.   Plaintiff United States of America and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant currency and defendant vehicle.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed.  The parties to this stipulation agree to waive the provisions of California Civil Code § 1542.

6.   There was reasonable cause for the seizure and arrest of the defendant currency and defendant vehicle and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

7.   All parties will bear their own costs and attorneys' fees.

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, and the allegations set forth in the Verified Complaint for Forfeiture *In Rem* filed July 11, 2008, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the defendant currency and defendant vehicle.

IT IS SO ORDERED.

**Dated:   April 30, 2010**                         **/s/ Anthony W. Ishii**
                                        CHIEF UNITED STATES DISTRICT JUDGE